**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 16-1146

BARBARA BRASHER,
                              Appellant
v.

THOMAS JEFFERSON UNIVERSITY HOSPITAL INC,
TDBA Thomas Jefferson University Hospital

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-04103)
District Judge: Honorable Anita B. Brody

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on Tuesday October 25, 2016

Before:  VANASKIE, KRAUSE, and NYGAARD, *Circuit Judges*

(Opinion filed: January 27, 2017)

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge.*

Barbara Brasher appeals the District Court's grant of summary judgment in favor of her former employer, Thomas Jefferson University Hospital, on Brasher's Age Discrimination in Employment Act claim. For the reasons that follow, we will affirm.

## I.     Background

Brasher is a nurse, now at least fifty-two years old, who was employed at Thomas Jefferson University Hospital from January 2009 until January 21, 2013. During that time, Brasher was the subject of multiple disciplinary actions relating to her work performance, culminating in the Hospital's decision to terminate her employment based on her handling of a diabetic patient's insulin therapy.[1]

Brasher brought an age discrimination claim against the Hospital under the Age Employment in Discrimination Act of 1967 ("ADEA"), 21 U.S.C. §§ 621-634.[2] The District Court granted summary judgment to the Hospital, on the ground that Brasher had not raised a genuine issue of material fact as to whether the Hospital's legitimate, nondiscriminatory reasons for deciding to terminate her—her alleged failure to follow the Hospital's protocols, her decision to begin an insulin infusion that was beyond the scope of her nursing license, and her history of documentation errors—were pretextual. *See*

---

[1] Although Brasher chose to resign when it became clear that the Hospital had decided to terminate her employment, the parties analyze this case as if the Hospital had affirmatively terminated Brasher's employment, and the Court does the same.

[2] Brasher also brought a Pennsylvania Human Relations Act claim, which is not at issue in this appeal. The District Court granted summary judgment on that claim to the Hospital.

*Brasher v. Thomas Jefferson Univ. Hosps., Inc.*, No. 13-4103, 2015 WL 9315985, at *4-9

(E.D. Pa. Dec. 23, 2015). This appeal followed.

## II. Discussion[3]

Brasher contests the District Court's grant of summary judgment, which we

review de novo, *Courtney v. La Salle Univ.*, 124 F.3d 499, 502 (3d Cir. 1997), and will

affirm if "there is no genuine dispute as to any material fact" and if, viewing the facts in

light most favorable to Brasher, the Hospital "is entitled to judgment as a matter of law,"

Fed. R. Civ. P. 56(a); *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013). Brasher

advances three sources of evidence to show that the Hospital's reasons for deciding to

terminate her were pretextual,[4] and we address each source of evidence in turn.

First, Brasher points to the Hospital's failure to fire JiJi Joseph, "a nurse in her

20's," who, like Brasher, had made a serious medication error. Appellant's Br. 15, 18-

19. Brasher's point relies on the principle that evidence of more favorable treatment

toward a similarly situated member of a non-protected group, when combined with other

---

[3] The District Court had subject-matter jurisdiction over Brasher's ADEA claim pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[4] The parties do not dispute that, under the first step of the *McDonnell Douglas* burden-shifting framework that applies to Brasher's ADEA claim, *see Burton*, 707 F.3d at 425-27, Brasher established a prima facie case of age discrimination. And, aside from two passing statements in Brasher's brief that do not suffice to place the issue in dispute, *see Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994), the parties do not dispute that, under the second step of the *McDonnell Douglas* framework, the Hospital articulated legitimate, nondiscriminatory reasons for Brasher's termination. We therefore proceed to the third step of the *McDonnell Douglas* framework, in which the plaintiff must provide evidence from which a factfinder could reasonably infer pretext. *See Burton*, 707 F.3d at 426-27.

evidence from which to infer discrimination, may allow a plaintiff to establish pretext. *See Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 645-47 (3d Cir. 1998). But, as the District Court correctly noted, Johnson was not similarly situated to Brasher, for there was no evidence that Johnson had Brasher's history of documentation errors, which had been a factor in the Hospital's decision to terminate Brasher's employment. *See Brasher*, 2015 WL 9315985, at *8. Thus, because Johnson lacked some of "the particular criteria or qualifications identified by the employer as the reason for the adverse action," the Hospital's failure to fire Joseph is not evidence of pretext. *Simpson*, 142 F.3d at 647; *accord Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 649-50 (3d Cir. 2015); *Blanding v. Pa. State Police*, 12 F.3d 1303, 1309-10 (3d Cir. 1993).

Second, Brasher cites the "considerable animosity" she experienced from her former colleagues at the Hospital. Appellant's Br. 19-20. However, this evidence also cannot establish pretext, whether we consider it as grounds for a hostile work environment claim or as evidence of more favorable treatment toward a similarly situated member of a non-protected group. To the extent Brasher intends to cite her former colleagues' behavior as grounds for a hostile work environment claim, she has not appealed the District Court's decision not to entertain that "eleventh-hour claim," *Brasher*, 2015 WL 9315985, at *4 n.9, and she has thus waived any argument in support of it, *see Gonzalez v. AMR*, 549 F.3d 219, 225 (3d Cir. 2008). And to the extent Brasher intends to cite her former colleagues' behavior as evidence of more favorable treatment

4

toward similarly situated comparators, she fails to establish that her former colleagues were similarly situated, as she neither asserts that they were younger nor that their transgressions were as serious as her own. *See Willis*, 808 F.3d at 649-50; *Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 250 (3d Cir. 2002).

Lastly, Brasher points to evidence indicating that she had followed a physician's instructions during "the insulin incident" that led to the Hospital's decision to terminate her employment. Appellant's Br. 20 (internal quotation marks omitted). But, to raise a genuine issue of fact on pretext, Brasher cannot merely point to evidence that one of the Hospital's reasons for deciding to terminate her employment was wrong; she must cite evidence to show "that it was so plainly wrong that it cannot have been the . . . real reason," *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1109 (3d Cir. 1997), and that the Hospital's real reason was thus discriminatory animus, *see Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 198-99 (3d Cir. 2015); *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994).

Brasher's evidence does not satisfy this standard. Even assuming that Brasher had followed a physician's instructions during "the insulin incident," Brasher does not dispute the facts underlying the Hospital's other reasons for deciding to terminate her employment: (a) her failure to follow the Hospital's protocols, which, among other things, required two nurses to approve insulin infusions, and (b) her history of documentation errors. Indeed, Brasher concedes (a) that she "forgot to have a second nurse witness her actions" in connection with the insulin infusion; and (b) that she

previously had been placed on a "Formal Employee Action Plan" in response to complaints about her documentation and also had received a written warning in connection with yet more documentation errors. Appellant's Br. 7, 9. On this record, because Brasher produced evidence to discredit only one of the Hospital's multiple reasons for deciding to terminate her employment, and because that evidence is unaccompanied by weaknesses or inconsistencies underlying the Hospital's other reasons, Brasher's third source of evidence does not create a genuine issue of fact as to whether the Hospital's reasons for deciding to terminate Brasher's employment were pretextual. *See Daniels*, 776 F.3d at 198-99; *Fuentes*, 32 F.3d at 765.

## III. Conclusion

We conclude that, whether considered singly or in the aggregate, Brasher's cited sources of evidence do not establish a genuine issue of material fact and the Hospital was entitled to summary judgment. *See Burton*, 707 F.3d at 426-27. We will therefore affirm the judgment of the District Court.